IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:07cr00307 SWW |
| | * | |
| | * | |
| | * | |
| DAX RAMON PHILLIPS, | * | |
| | * | |
| Defendant. | * | |

<u>MEMORANDUM AND ORDER</u>

Dax Ramon Phillips is charged in a one-count indictment with attempted bank robbery.

The indictment reads:

On or about April 30, 2007, in the Eastern District of Arkansas, the
defendant

DAX RAMON PHILLIPS

did, by force and violence and by intimidation, attempt to take from the persons
and presence of bank employees and customers known to the Grand Jury, money,
namely United States currency belonging to and in the care, custody, control,
management and possession of First State Bank, 1445 Hogan Lane, Conway,
Arkansas 72034, the deposits of which were then insured by the Federal Deposit
Insurance Corporation, in violation of Title 18, United States Code, Sections
2113(a).

During Phillips' initial appearance, the Magistrate Judge granted a joint oral motion of

counsel pursuant to 18 U.S.C. §§ 4241 and 4242, seeking a determination of Phillips'

competency to stand trial, and at the time of the alleged offense.  Accordingly, Phillips was

committed to the custody of the Attorney General or his authorized representative for a

psychiatric examination.

On September 28, 2007, the Court received the Forensic Report as to Phillips.

Essentially, the report found that Phillips suffers from a severe mental disease, namely schizophrenia, paranoid type, and that while he was now able to understand the legal proceedings and to properly assist in his defense, at the time of the offense, he was unable to appreciate the nature and quality, as well as the wrongfulness, of the act for which he is charged.

On October 3, 2007, the indictment charging Phillips with attempted bank robbery was handed down by the grand jury.  Phillips subsequently waived his right to a jury trial and this Court held a bench trial on March 17, 2008.

At trial, the evidence established the following: on April 30, 2007, Phillips entered the First State Bank on Hogan Lane in Conway, Arkansas, looked around, and asked loan assistant Donna Rogers if the manager was there.  Rogers told Phillips that the teller supervisor was there and Phillips responded, "good, I am the devil, I have come to get my money."  Phillips proceeded to the teller line to talk to the teller supervisor, started cursing her, and pulled bags out of his pocket and threw them at her and told her he wanted his money.  Rogers, who had since hit the silent alarm button, got her boss, David Druey, to come out as she could tell there was some stress.  Druey observed plastic bags on the teller line and tried to ascertain what the situation was.  Phillips demanded $4 million.  Druey, who was helping the teller supervisor, looked Phillips' name up on the system and determined that Phillips did in fact have an account but that there was only $4.10 in the account.  Phillips at that time tried to get into the teller line behind the counter but could not do so because the door was locked.  At that time, Rogers stood up from her desk.  Phillips walked over to Rogers, started cursing her, demanded money, and struck Rogers, knocking her back into her chair.  As Phillips was in Rogers' face, cursing her, and telling her he wanted his money, Druey came out from behind the teller line and asked

Phillips to please come with him, which Phillips did.  Druey tried to get Phillips to go outside, but Phillips said he wasn't leaving with his money.  Druey and Phillips then went into an office and Druey sat down at a computer and acted as if he were logged on and also called the main bank and gave them a signal that he felt like there was a robbery in progress and that immediate help was needed.  During the 20 to 30 minutes it took for the police to arrive, Druey and Phillips talked.  Druey asked Phillips what he planned on doing with the money and Phillips said he wanted it all in cash and in the trash bags and that he was going to buy a Cadillac at Parker Cadillac and was going to buy a Verizon phone.  Upon learning that the police had arrived, Druey told Phillips that the money was outside in a Dodge Durango.  Phillips looked outside, saw that the vehicle was there, and walked outside at which point he was taken into custody.

Phillips was taken to the police station and, following his being advised of his Miranda rights, stated to the detectives he was the devil, wanted to know who the detectives were, and that he had unlimited funds in the bank and wanted several million dollars to do work around his house.  Phillips additionally stated to the detectives that if they would contact Judge Mathis, a TV judge and his friend, Judge Mathis would confirm that he has a tremendous amount of wealth and unlimited funds available to him.  The government stipulated that the psychologist who prepared the Forensic Report would testify that Phillips' symptoms of a severe mental disease are believed to have rendered him unable to appreciate the nature and quality as well as the wrongfulness of the act for which he is charged and stated that the Forensic Report is the only evidence the government had on criminal responsibility other than what Phillips stated to the detectives.

At the conclusion of the trial, the government stated that it would have no objection to a

finding of not guilty by reason of insanity, and this Court finds there has been no evidence to refute the psychologist's determination that Phillips was operating under severe schizophrenic delusions at the time of the incident.  That being so, and as the government has proven all of the elements of attempted bank robbery under 18 U.S.C. § 2113(a), *i.e.*, that Phillips attempted to take money from the person or presence of another while that money was in the care and custody of First State Bank, that such attempted taking was by force and violence and intimidation, and that the deposits of First State Bank were then insured by the Federal Deposit Insurance Corporation, the Court hereby finds Phillips not guilty only by reason of insanity.[1]

Pursuant to 18 U.S.C. § 4243(a), the Court directs that Phillips be committed to the custody of the United States Attorney General for placement in a suitable facility and that pursuant to 18 U.S.C. § 4243(b) and § 4247(b) and (c), a psychological examination be conducted by Jason V. Dana, Psy.D, Forensic Studies Unit Psychologist at the Federal Bureau of Prisons' Metropolitan Correctional Center in Chicago, Illinois, and a psychological report prepared and filed with the Court.[2]  The Court will hold a commitment hearing within forty (40) days in accordance with 18 U.S.C. § 4243(c) at which Phillips will have the burden of proving by clear and convincing evidence that his release would not pose a substantial risk of bodily injury or serious injury to property.  *See* 18 U.S.C. § 4243(d).  *See also United States v. LaFrombosie*, 836 F.2d 1149, 1150-51 (8th Cir. 1988); *United States v. Wallace*, 845 F.2d 1471, 1472 (8th Cir. 1988).

---

[1] There had been a question concerning whether a defendant, believing he has an account with sufficient funds, can commit attempted robbery by seeking to "withdraw" those funds.  The Court agrees with the government that a defendant can and that in this case, Phillips' actions constituted attempted robbery.

[2] Jason Dana is the psychologist who conducted previous examinations of Phillips.

IT IS SO ORDERED this 21st day of April 2008.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE